IN THE IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

MORGAN R. ROMERO,

    Plaintiff,

v.                                                                                  Case No.: _____

MASTER INSULATION, INC.,

    Defendant.

_____/

## COMPLAINT - FLSA OPT IN

MORGAN R. ROMERO, sues MASTER INSULATION, INC. and states:

1. This is an action to recover unpaid wage, overtime wages, liquidated damages, interest, attorneys' fees and costs under the Fair Labor Standards Act of 1938 (FLSA), as amended 29 U.S.C. §§ 201, *et. seq.* This Court has jurisdiction pursuant to 29 U.S.C. § 216(b).

2. Master Insulation is a Florida corporation with its principal place of business in Escambia County, Florida.

3. Plaintiff was employed by Master Insulation.

4. As an employee of Master Insulation, Plaintiff was engaged in commerce or in the servicing or selling of goods for commerce or were employed by Master Insulation in an enterprise engaged in commerce or in the servicing and

selling goods for commerce. Plaintiff's work for Master Insulation affected interstate commerce for the relevant time period.

5. On information and belief, Master Insulation grossed over $500,000 annually for the relevant time period.

6. Master Insulation is an employer under the FLSA.

7. Master Insulation is engaged in the business of installing insulation in commercial and private buildings, and related construction activities.

8. Master Insulation willfully and intentionally failed to pay Plaintiff complete wages earned and overtime wages in violation of the FLSA.

9. At all times material, Plaintiff was employed by Master Insulation to install insulation and perform other construction tasks.

10. As part of his employment, Plaintiff was required to be at Master Insulation's premises at the beginning of most work days to load required materials into his truck, and then proceed to his work site, including providing co-workers with a ride to the work site.

11. At the end of most work days, Plaintiff was required to return to Master Insulation's premises to offload unused materials and/or provide his co-workers with transportation to their vehicles.

12. Plaintiff was only paid for the time he actually spent at designated work sites.

13. Master Insulation did not pay Plaintiff for the time he spent on Master Insulation's premises loading his vehicle, traveling to and from his job site, and offloading unused materials at Master Insulation's premises.

14. Because Master Insulation did not consider the time Plaintiff spent on Master Insulation's premises loading his vehicle, traveling to and from his job site, and offloading unused materials at Master Insulation's premises as work time, Master Insulation failed to pay Plaintiff overtime when Plaintiff's work week exceeded 40 hours.

15. Plaintiff is entitled to receive wages for the time he spent on Master Insulation's premises loading his vehicle, traveling to and from his job site, and offloading unused materials at Master Insulation's premises.

16. Plaintiff is entitled to receive overtime pay for hours he worked in excess of forty (40) hours in a work week at a rate not less than time and one-half his regular rate of pay.

17. Master Insulation is liable to Plaintiff in the amount of his unpaid wages and overtime compensation and an additional equal amount as liquidated damages.

18. Plaintiff is entitled to prejudgment interest if he is not awarded liquidated damages.

19. This action arises under the laws of the United States. It is believed that several other employees of Master Insulation, Inc. are similarly situated to

Morgan Romero. These similarly situated employees have not received adequate wages or overtime wages for work performed for Master Insulation during the 3 year period prior to the filing of this complaint. This case is brought as a collective action under 29 U.S.C. § 216(b).

20.   Plaintiff has had to retain the services of the undersigned attorneys to pursue this action, including applicable appeals.

WHEREFORE, Plaintiff demands judgment for damages against Master Insulation together with interest, attorneys' fees and costs, and such other relief as this Court deems appropriate.

Plaintiff demands trial by jury of all issues triable as of right by a jury.

Respectfully submitted,

/s/ Larry A. Matthews
**Larry A. Matthews**
Florida Bar No.:  0339601
**Raymond F. Higgins, III**
Florida Bar No.:  0153117
MATTHEWS & HIGGINS, LLC
114 East Gregory Street (32502)
Post Office Box 13145
Pensacola, FL  32591-3145
(850) 434-2200 Telephone
(850) 434-2600 Facsimile
E-Mail:   LMatthews@matthewshigginslaw.com
              RHiggins@matthewshigginslaw.com
Attorneys for Plaintiff