IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MORGAN R. ROMERO,

    Plaintiff,

v.                                    Case No.: 3:13-cv-56-RS-CJK

MASTER INSULATION, INC.,

    Defendant.
_____/

## MOTION FOR CONDITIONAL CERTIFICATION AND FOR AN ORDER PERMITTING COURT SUPERVISED NOTICE TO EMPLOYEES OF THEIR OPT-IN RIGHTS

Plaintiff Morgan R. Romero, by and through undersigned counsel, and pursuant to 29 U.S.C. § 216(b), moves the Court to conditionally certify a collective and class action, and to facilitate notice to potential class members. As grounds therefor, Plaintiff states:

1. This is an action that seeks to redress Master Insulation, Inc.'s failure to pay Mr. Romero for hours, including overtime hours, Mr. Romero worked for Master Insulation.

2. In his complaint, Mr. Romero alleged Master Insulation failed to pay him wages for the time he spent on Master Insulation's premises loading his vehicle,

traveling to and from his job site, and offloading unused materials at Master Insulation's premises.

3. Mr. Romero also alleged that there may be other Master Insulation employees who were likewise not compensated in full for the hours they worked under circumstances similar to his, and also averred this in his affidavit.

4. To date, the undersigned has been contacted by two additional employees who also allege they were paid inadequate compensation by Master Insulation. Their affidavits are attached as Exhibits "A" and "B."

5. Accordingly, Mr. Romero moves the Court for certification as an FLSA collective action, and facilitate notice to potential class members which would include:

> Any persons not exempted from the provisions of the Fair Labor and Standards Act who were employed by Master Insulation, between September, 2010 and the present, who:
>
> (A) were not compensated for time spent on Master Insulation's premises loading or unloading materials, or performing other similar, nonexempt tasks, prior to or after performing work for Master Insulation on job sites; and/or
>
> (B) were not compensated for nonexempt time spent traveling to or from job sites.

# MEMORANDUM OF LAW

I. **Conditional Certification.**

Section 216(b) of the FLSA authorizes employees to, among other things, bring "collective actions" against their employers for violations of the FLSA. This section reads in pertinent part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtive compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . . An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he give his consent in writing to become such a party and such consent is filed in the court in which such action is brought. . . .

Although this section does not provide procedural guidance concerning collective actions, it is well settled that district courts have discretionary power to certify a collective class and authorize notice to all putative class members. *See Hoffman-LaRoche Inc. v. Sperling,* 493 U.S. 165 (1989); *Dybach v. Fla. Dept. of Corrections,* 942 F.2d 1562 (11th Cir 1991).

Plaintiffs must only meet a very low threshold in order to show their actions should be conditionally certified under the FLSA. This Court must only determine: (i) whether there are other employees who desire to opt-in; and (ii) whether these

3

employees could be similarly situated with respect to their job requirements and pay provisions. *Id.*

In *Hipp v. Liberty National Life Ins. Co.,* 252 F.3d 1208 (11th Cir 2001), the Court provided guidance for district courts to use in determining whether certification is warranted. The *Hipp* two-tiered procedure is as follows:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies the class. Putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives-i.e. the original plaintiffs-proceed to trial on their individual claims.

It is not appropriate for a court to consider the merits of the allegations during the first stage. "Even if plaintiffs' claims turn out to be meritless, or in fact, all plaintiffs turn out not to be similarly situated, notification at this state, rather than after further discovery, may enable the more efficient resolution of the underlying

4

issue in this case." *Harrison v. Enterprise Rent-A Car Co.,* Case No. 98-233-civ-T-24(A), (M.D. Fla. July 1, 1998).

In *Zimmerman v. Netco, Inc.,* Case No. 2:04-cv-234-FtM-33SPC (M.D. Fla. March 1, 2005), the Court summarized the issues associated with determination of the appropriateness of an FLSA collective action:

> This determination is usually based on the pleadings and affidavits and is made using "a fairly lenient standard and typically results in conditional certification." The similarly situated" requirement does not require identical position and the Plaintiff's burden is not heavy.
>
> The second determination, whether or not the plaintiffs are actually similarly situated, is typically precipitated by a motion for decertification by the defendant usually filed after discovery is almost complete. Whether or not to allow the FLSA claim to proceed as a collective action is committed to the sound discretion of the Court.

In the instant case, the affidavits submitted by Mr. Romero's co-workers clearly indicates that additional, similarly situated, Master Insulation employees desire to opt-in to this lawsuit. These employees were also precluded from claiming time they spent loading trucks and traveling to or from job sites under Master Insulation's standard practice as was Mr. Romero. In fact, the working conditions, and pay policies and practices for Master Insulation workers are identical. Potential opt-in plaintiffs were (or are) subjected to the same working conditions and pay policies and practices as Mr. Romero.

II.     **Court Supervision of Opt-In Notices.**

Furthermore, court supervised notice of the availability of other employees is appropriate. It is the responsibility of the Court to safeguard the rights of class

5

members in collective actions. See Hoffman-Laroche v. Sperling, 493 U.S. 165 (1989). The judicial oversight of the communications with opt-in class members protects against misleading communications that may influence the exercise of their rights. Id. At 171.

Not only does an employer's filtering of information encourage opt-ins not to pursue their claims, but it also discourages current employees from joining collective or class actions. Courts have specifically recognized the dangers of disinformation and coercion with respect to joining a class action that surround current employees. See EEOC v. Morgan Stanley & Co., Inc., 206 F.Supp. 2d 559 (S.D.NY. 2002); Burrell v. Crown Cent. Petr., 176 F.R.D. 239 (E.D. Tex. 1997) (where alleged class action has been filed, court may limit defendant's ex parte contact with class that is misleading or coercive.); Kleiner v. First Nat'l Bank of Atlanta, 751 F.2d 1193 (11th Cir. 1985) ("Unsupervised, unilateral communications with the Plaintiff class sabotage the goal of informed consent by urging exclusion on the basis of a one-sided presentation of the facts, without opportunity for rebuttal.").

## CONCLUSION

Based on the foregoing, Mr. Romero requests the Court enter an Order:

1. authorizing this matter to proceed as a collective action;

2. requiring Master Insulation to produce the names, addresses, telephone numbers, and dates of employment of all potential collective action plaintiffs;

3. authorizing counsel to mail court-approved notice to all potential collective action plaintiffs who were employed by Master Insulation for the three (3) years prior to the filing of this suit, permitting the potential collective action plaintiffs to opt into this lawsuit for a period of ninety (90) days from the mailing of the Court approved notice.

### Certificate of Rule 7.1(B)

Pursuant to Rule 7.1(B), Rules of the United States District Court for the Northern District of Florida, the attorney for Morgan Romero has conferred with counsel for the Master Insulation who, at the time of filing this motion, does not agree.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished to Erick M. Drlicka, Esquire, Emmanuel, Sheppard & Condon, 30 South Spring Street, Pensacola, FL 32502 by electronic filing this 19th day of September, 2013.

/s/ Larry A. Matthews
**Larry A. Matthews**
Florida Bar No.: 0339601
**Raymond F. Higgins, III**
Florida Bar No.: 0153117
MATTHEWS & HIGGINS, LLC
114 East Gregory Street (32502)
Post Office Box 13145
Pensacola, FL 32591-3145
(850) 434-2200 Telephone
(850) 434-2600 Facsimile
E-mail: LMatthews@matthewshigginslaw.com
Rhiggins@matthewshigginslaw.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MORGAN R. ROMERO,

    Plaintiff,

v.                             Case No.: 3:13-cv-56-RS-CJK

MASTER INSULATION, INC.,

    Defendant.
_____/

## AFFIDAVIT OF CODY LEE ROMERO

STATE OF FLORIDA
COUNTY OF ESCAMBIA

    Being first duly sworn, and under penalty of perjury, the undersigned, Cody Lee Romero Rupp states the following:

    1.    I am *sui juris* and a resident of Escambia County, Florida.

    2.    I am over 18 years old.

    3.    During the approximate period of March through October, 2012, I was employed by Master Insulation to install insulation and perform other construction tasks.

    4.    During my employment at Master Insulation, I was paid an hourly rate based upon the number of hours I worked.



EXHIBIT A

5. I was not paid by Master Insulation for the time I was required to be present on its premises to load materials in trucks to take to local job sites, nor was I paid for my travel time from Master Insulation to those job sites and returning to Master Insulation. In addition, I was not paid for the time it took me to return from out-of-town job sites.

6. It was Master Insulation's standard practice, as explained to me by Master Insulation supervisors, to not compensate employees for the time they spent loading materials and traveling to local job sites, or for the time spent returning from out-of-town job sites.

7. Other Master Insulation employees, who I know personally from when I was employed at Master Insulation, were also precluded from claiming time they spent loading trucks and traveling to or from job sites under Master Insulation's standard practice.

8. These other employees were paid in the same manner as me, performed essentially the same tasks as me for which they were not paid, and were otherwise subject to the same unlawful Master Insulation policies.

9. I have been in contact with other Master Insulation employees who have informed me that they desire to opt in this lawsuit if permitted.

FURTHER AFFIANT SAYETH NOT.

*Cody L Romero*
Cody Lee Romero

2

## ACKNOWLEDGMENT

STATE OF FLORIDA
COUNTY OF ESCAMBIA

    This Affidavit of Cody Lee Romero was acknowledged before me this 1st day of August, 2013 by Cody Lee Romero, (✓) who is personally known to me or ( ) who has produced _____ as identification, and says that he has read the foregoing and the same is true to the based on his personal knowledge.

_Debra A. Shally_
Signature of Notary Public

                Debra A. Shally
                Notary Public - State of FL
                Comm. Exp. Oct. 5, 2014
                Comm. No: DD133729

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MORGAN R. ROMERO,

    Plaintiff,

v.    Case No.: 3:13-cv-56-RS-CJK

MASTER INSULATION, INC.,

    Defendant.

_____/

## AFFIDAVIT OF ROBERT JOSEPH RYAN

STATE OF FLORIDA
COUNTY OF ESCAMBIA

    Being first duly sworn, and under penalty of perjury, the undersigned, Robert Joseph Ryan states the following:

1. I am *sui juris* and a resident of Escambia County, Florida.

2. I am over 18 years old.

3. During the approximate period of January through May, 2012, I was employed by Master Insulation to install insulation and perform other construction tasks.

4. During my employment at Master Insulation, I was paid an hourly rate based upon the number of hours I worked.



EXHIBIT B

5. I was not paid by Master Insulation for the time I was required to be present on its premises to load materials in trucks to take to local job sites, nor was I paid for my travel time from Master Insulation to those job sites and returning to Master Insulation.

6. It was Master Insulation's standard practice, as explained to me by Master Insulation supervisors, to not compensate employees for the time they spent loading materials and traveling to local job sites.

7. Other Master Insulation employees, who I know personally from when I was employed at Master Insulation, were also precluded from claiming time they spent loading trucks and traveling to or from job sites under Master Insulation's standard practice.

8. These other employees were paid in the same manner as me, performed essentially the same tasks as me for which they were not paid, and were otherwise subject to the same unlawful Master Insulation policies.

FURTHER AFFIANT SAYETH NOT.

Robert Joseph Ryan

## ACKNOWLEDGMENT

STATE OF FLORIDA
COUNTY OF ESCAMBIA

    This Affidavit of Robert Joseph Ryan was acknowledged before me this 16th day of August, 2013 by Robert Joseph Ryan, ( ) who is personally known to me or (X) who has produced Driver's License as identification, and says that he has read the foregoing and the same is true to the based on his personal knowledge.

_____
Signature of Notary Public

NOTARY PUBLIC-STATE OF FLORIDA
Cheryl E. Sorrells
Commission # EE024083
Expires: SEP. 08, 2014
BONDED THRU ATLANTIC BONDING CO., INC.

3